UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| SUZIE MODRELL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA (UNITED STATES POSTAL SERVICE),<br><br>Defendant. | ) | CASE NO. C06-0981-MAT<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

INTRODUCTION

Plaintiff brought suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80, for injuries sustained in a traffic accident involving a United States Postal Service vehicle. The Court here considers defendant's motion for partial summary judgment regarding damages. (Dkt. 10.) Defendant argues plaintiff failed to meet a jurisdictional requirement to submit a "sum certain" administrative claim as to damages beyond those claimed with respect to property damage, and seeks dismissal with prejudice of any and all damage claims beyond the $2,748.07 property damage claim submitted. (Dkts. 10 & 14.) Plaintiff asserts sufficient compliance with the sum certain requirement and argues that notions of fair play and substantial justice support

denial of defendant's motion. (Dkt. 12.) Plaintiff alternatively requests that all reported damages, including those provided by her insurer, be considered at trial. (*Id*.)

BACKGROUND

On July 28, 2004, plaintiff was involved in a traffic accident in Redmond, Washington. (Dkt. 1 at 2.) A Postal Service employee, acting within the scope of his employment, struck plaintiff's car with a Postal Service vehicle. (*Id*.)

By letter to plaintiff dated August 2, 2004, the Postal Service described the basic procedures for filing an administrative claim for damages and included a Standard Form 95 ("SF-95"). (Dkt. 11, Ex. A.) The letter directed plaintiff to "supply all material facts on [the] form," and indicated that "[c]laims must be received within two years of the accident to be considered." (*Id*.) It also requested estimates for vehicle damage and encouraged plaintiff to forward the letter and claim form to her insurance company if she wished it to subrogate the matter for her. (*Id*.) The SF-95 includes instructions stating, *inter alia*:

> A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. . . .
>
> . . .
>
> . . . Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". . .
>
> . . .
>
> **Failure to specify a sum certain will result in invalid presentation of your claim**

**and may result in forfeiture of your rights**.

(*Id*., Ex. B.)

Plaintiff filed an SF-95 on August 20, 2004. (*Id*.) In the "Amount of Claim" section of the form, plaintiff listed property damage in the amount of $2,748.07 and "unknown" for personal injury. (*Id*.) With respect to insurance coverage, plaintiff indicated she had "[f]ull coverage under Personal Injury Protection[]" with Safeco Insurance, and stated: "They will pay for my medical expenses." (*Id*.)

By letter dated August 20, 2004, the Postal Service informed plaintiff that her claim was "incomplete, as documents supporting the claimed amount were not submitted as specified in the instructions." (*Id*., Ex. C.) On August 30, 2004, the Postal Service received a fax containing two repair estimates for plaintiff's car and a letter indicating plaintiff's law firm no longer represented her with respect to this claim. (*Id*., Ex. D.) In a November 8, 2004 letter, a new attorney advised the Postal Service as to his representation of plaintiff. ( *Id*., Ex. E.) In a March 1, 2005 letter, Safeco Insurance copied the Postal Service on a letter to plaintiff's then counsel stating that $5,323.42 in medical and wage loss benefits had been paid to plaintiff. (*Id*., Ex. F.)

In a letter to plaintiff's new counsel dated August 17, 2005, the Postal Service essentially repeated the information and requests contained in its August 2, 2004 letter and enclosed a new SF-95. (*Id*., Ex. G.) On January 25, 2006, the Postal Service received a letter from that attorney indicating he no longer represented plaintiff in this matter. (*Id*., Ex. H.)

The Postal Service received an SF-95 from Safeco on February 13, 2006 claiming $5,613.42 in medical and wage loss benefits it had paid to plaintiff. (*Id*., Ex. I.) Safeco attached a compilation of line-item medical bills and corresponding PIP (personal injury protection)

payments. (*Id*., Ex. J.) Although the compilation contained no total amount, as calculated by defendant, these payments add up to a total amount of $6,342.28. (*Id*. and Dkt. 10 at 3.)

In a March 15, 2006 letter to plaintiff, the Postal Service stated that, before her claim could be considered "it must be supported by competent evidence," defined on the SF-95 as: "[I]n support of the claim for personal injury or death, . . . a written report by the attending physician. . . [and] itemized bills for medical [or] hospital . . . expenses actually incurred." (*Id*., Ex. K.) The Postal Service gave plaintiff thirty days to respond to the letter, indicating that if the requested materials were not provided, it would "be unable to properly evaluate the claim and [would] have no recourse but to issue a denial." ( *Id*.) By certified letter dated April 19, 2006, the Postal Service denied plaintiff's claim, indicating no response had been received to the August 2005 and May 2006 letters seeking supporting documentation. (*Id*., Ex. L.)

With the assistance of new counsel, plaintiff filed suit in this Court on July 13, 2006. (Dkt. 1.) In her initial disclosures, plaintiff identified as her claimed damages $6,192.00 in medical expenses, $1,000.00 in wage loss, and $30,000.00 in "general damages." (Dkt. 7.)

On December 7, 2006, more than two years after the accident, plaintiff submitted a new SF-95 to the Postal Service. (Dkt. 13, Ex. A.) In the "Amount of Claim" section of the form, plaintiff listed property damage in the amount of $2,748.07, $50,000.00 for personal injury, and a total amount of $52,748.07 in damages. (*Id*.)

## DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c);*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23. "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)).

In this case, defendant argues plaintiff failed to meet a jurisdictional prerequisite for claiming damages under the FTCA. Defendant seeks summary dismissal of all but the properly submitted property damage claim. For the reasons discussed below, the Court finds defendant entitled to the relief sought.

Absent a specific waiver, sovereign immunity shields the United States from suit. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The terms of a waiver define this Court's jurisdiction to entertain a suit. *Id*. "The FTCA is a limited waiver of sovereign immunity, authorizing suit against the United States for tortious performance of governmental functions in limited cases." *Bibeau v. Pacific Northwest Research Found.*, 339 F.3d 942, 945 (9th Cir. 2003) (also discussing exemptions to waiver). *See also Dalehite v. United States,* 346 U.S. 15, 30-36 (1953) (discussing generally FTCA's status as a waiver of immunity).

Before bringing suit under the FTCA, a tort claimant must submit a damage claim to the appropriate administrative agency. 28 U.S.C. § 2675. An FTCA action may not proceed "for any sum in excess of the amount of the claim presented to the agency," except where based on newly discovered evidence not previously reasonably discoverable or upon proof of intervening facts.

§ 2675(b). The implementing regulation states that "a claim shall be deemed to have been presented" with the provision of "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]" 28 C.F.R. § 14.2(a).

The Ninth Circuit deems this "sum certain" administrative claim presentation requirement jurisdictional and not subject to waiver. *See Blair v. Internal Revenue Serv.*, 304 F.3d 861, 864-65 (9th Cir. 2002); *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984). A claimant must state a specific dollar amount for claimed damages. *See Blair*, 304 F.3d at 864-68. This requirement aids administrative review of a claim and the potential for settlement. *See, e.g., Warren*, 724 F.2d at 779. However, "[t]he claim presentation requirement of the FTCA is designed to ensure that compensation is provided in a fair and equitable manner, 'not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits.'" *Blair*, 304 F.3d at 868 (quoting *Erxleben v. United States*, 668 F.2d 268, 273 (7th Cir. 1981) (quoting *Koziol v. United States*, 507 F. Supp. 87, 91 (N.D. Ill. 1981))) (internal quotation marks omitted).

The FTCA also requires the submission of a tort claim within two years of the incident giving rise to the claim. 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . ."). "Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit." *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278-79 (4th Cir. 2000) (cited cases omitted).

In this case, plaintiff did not timely submit a sum certain amount for her personal injury or other non-property-related damages. Instead, in the SF-95 timely submitted prior to the expiration of the statute of limitations, she described those damages as "unknown." (Dkt. 11, Ex. B.) In contrast, she did timely provide a sum certain amount for her property damage claim – $2,748.07. (*Id.*) Accordingly, only the property damages may be pursued in this case.

As argued by defendant, the court finds the *Blair* case instructive here. In *Blair*, the claimant referred to an "attachment" in the personal injury section of the SF-95 and, in the attachment, named a dollar amount of $17,499,436.00 for past and future wage loss. 304 F.3d at 865-66. "He also stated that medical expenses were still being incurred and did not specify a sum certain for his claim for past and future medical expenses." *Id.* at 866. The claimant later submitted medical bills and records, but, again, failed to "designate a total sum claimed." *Id.* at 866, 868-69. The Ninth Circuit held that, although the claimant stated a valid sum certain wage loss claim for $17,499,436.00, his medical expenses claim "did not meet the statutory requirement and [was] properly excluded as surplusage." *Id.* at 868-69. The court explicitly rejected the claimant's argument that "the cumulative amounts on the bills represent[ed] a definite sum in medical expenses," stressing that the FTCA requires a sum certain damages claim. *Id.* at 868.

Plaintiff fails to distinguish *Blair*. As noted by defendant, the Nevada district court decision pointed to by plaintiff – *Jacobson v. United States*, 276 F. Supp. 2d 1106 (D. Nev. 2003) – is neither controlling, nor helpful to plaintiff here. In *Jacobson*, the claimants included on their SF-95 a personal injury and total claim "in excess of $100,000.00." 276 F. Supp. 2d at 1107. They also timely submitted a medical summary itemizing bills and providing a total amount of $7,005.38. *Id.* A second SF-95, omitting the "in excess of" language, included a total claim for

$100,000.00. *Id*. The defendants informed the claimants that the original form failed to provide a sum certain and rejected the latter form as untimely under the two-year statute of limitations. *Id*. However, in considering the claimant's timely SF-95, the district court treated the term "in excess of" as surplusage and, because the defendants conceded that the medical summary satisfied the sum certain requirement, concluded the plaintiffs could pursue a total of $107,005.38. *Id*. at 1109-10 and n.3. Therefore, the claimants in*Jacobson*, unlike plaintiff, included a total figure for the amount of damages sought, both on their SF-95 and in the medical summary provided. (*See* Dkt. 15 (attaching a copy of the medical summary provided in *Jacobson*, which includes a total amount of $7,005.38.))

Plaintiff also raises several other arguments in support of her personal injury claim in this case. However, the Court finds these arguments equally unavailing.

First, plaintiff cannot rely on Safeco's submissions to support her claim. As asserted by defendant, there is no evidence to suggest Safeco was a "duly authorized agent" or "legal representative" with authority to present a claim on plaintiff's behalf. *See* 39 C.F.R. § 912.6(b), (e) (claim against the Postal Service "may be presented by the injured person, his duly authorized agent, or legal representative."; describing how an agent or legal representative may present a claim "in the name of the claimant[.]") *See also* 28 C.F.R. § 14.2 (parallel provision for non-Postal Service claims). Instead, Safeco's SF-95 was clearly a separate "claim for loss wholly compensated by an insurer with the rights of a subrogee[.]" *See* 39 C.F.R. § 912.6(d). Indeed, rather than constituting the submission of a sum certain claim on plaintiff's behalf, Safeco's March 2005 letter specifically directed to plaintiff's then legal representative and containing a "Subrogation Update[,]" confirms the nature of plaintiff's relationship with Safeco. (Dkt. 11, Ex.

F (case altered and emphasis removed from quoted text.))[1]

Second, the Court finds no support for plaintiff's contentions that the SF-95 should be deemed invalid due to ambiguity in language and unreasonable in requesting a sum certain amount early in the life of a claim. As stated above, the sum certain requirement is jurisdictional and may not be waived. *Blair*, 304 F.3d at 864-65. Language on the SF-95 indicating that the failure to submit a sum certain "may" render a claim invalid does not alter this well settled law. Moreover, as stated by the Fourth Circuit: "Every limitations period embodies the possibility that a complaint must be filed before the claimant's knowledge is complete. That possibility, however, affords no basis for disregarding the interest of finality embodied in a statute of limitations that a legislative body has chosen to enact." *Kokotis*, 223 F.3d at 279-80.

Third, plaintiff cannot cure this jurisdictional defect by attempting to shift the blame for her failure to supply a sum certain to defendant. Plaintiff notes defendant's failure to warn her specifically as to this deficiency and avers she had no basis for believing her personal injury claim was not being fully considered. However, the SF-95 signed by plaintiff "contained several warnings on the consequences of failing to state a sum certain[,]" with the "warnings appear[ing] in multiple locations and in boldface." *Kokotis*, 223 F.3d at 280 (plaintiff's "failure to heed these clear and repetitive warnings [made] equitable tolling inappropriate.") Moreover, while defendant initially did not specifically point out any deficiency with respect to a personal injury claim, it was

---

[1] Although it is not clear plaintiff argues as such, the Court also agrees with defendant that, even if Safeco could be deemed to have acted as plaintiff's agent or legal representative, the records attached to Safeco's SF-95, as a non-totaled compilation of medical expenses, would not suffice to serve as a sum certain for plaintiff. *Compare Blair*, 304 F.3d at 868 (cumulative amount on bills submitted did not present a sum certain), *with Jacobson*, 276 F. Supp. 2d at 1110 n.3 (medical summary including a specific total amount satisfied sum certain requirement).

hardly apparent plaintiff intended to seek personal injury damages given her statement on the SF-95 that her insurer would be paying for her medical expenses. (Dkt. 11, Ex. B.) Nor did plaintiff provide any response to defendant's March 2006 letter seeking documentation pertinent to any personal injury claim. (*Id*., Ex. K.) Finally, plaintiff fails to supply any case law supporting the contention that defendant bore any responsibility for pointing out this defect. As stated by one district court:

> The plaintiffs have provided no precedent holding that the Government has any obligation to inform a claimant that its Notice of Claim is insufficient. To create this additional burden for the Government would be in conflict with the purpose of FTCA's pleading requirements, which is to aid the Government in estimating a claim's worth, conducting an investigation, and expediting the settlement of the plaintiffs' claims. It is true that in some cases the Government did inform the claimant that a claim was insufficient, thus providing the claimant with an opportunity to cure a defect. However, this was done merely out of courtesy. The Government is under no obligation to solicit information to ensure that jurisdiction is proper.

*Donahue v. United States*, 457 F. Supp. 2d 137, 143 (E.D.N.Y. 2006) (internal citations omitted). In this case, defendant appropriately seeks summary dismissal based on this jurisdictional defect. *See Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1253 (9th Cir. 2006) ("The United States may assert 'the insufficiency of [an] administrative claim under section 2675(a)' at any time because '[t]he government may not be equitably barred from asserting jurisdictional requirements.' Furthermore, the requirements of the Act are 'jurisdictional in nature and may not be waived.'") (quoted sources and internal citations omitted).

CONCLUSION

For the reasons described above, defendant's motion for partial summary judgment as to damages is GRANTED. Plaintiff's claims in excess of her $2,748.07 property damage claim are

/ / /

hereby dismissed with prejudice.

DATED this 21st day of March, 2007.

Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
PAGE -11